IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 18-CV-00996-RPM

**NORMAN DENARDO**

      Plaintiffs,

      vs.

**APRIA HEALTHCARE, LLC**

      Defendants.

**PLAINTIFF'S RESPONSE TO DEFENDANT'S PETITION TO COMPEL ARBITRATION PURSUANT TO 9 U.S.C. §4 AND STAY ALL PROCEEDINGS PENDING THE OUTCOME OF ARBITRATION**

Plaintiff, Norman Denardo, by and through counsel, Anthony Viorst of the Viorst Law Offices, P.C., hereby responds to Defendant's petition to compel arbitration pursuant to 9 U.S.C. §4, and to stay all proceedings pending the outcome of arbitration, as follows:

**FACTUAL BACKGROUND**

1.    This case concerns the failure of the Defendant, a home-healthcare company, to timely deliver oxygen to Plaintiff at his Douglas County, Colorado home, thereby causing significant respiratory problems and resulting damages.

2.    Defendants have located a "Sales and Service Agreement" between the parties, which contains a mandatory arbitration clause.

3. The events in question took place on December 28, 2017, and the Agreement that Defendant relies upon is dated January 22, 2018, more than three weeks after those events. **Exhibit A to Defendant's Motion**.

4. Even more importantly, the agreement is not signed by Mr. Denardo, and the only signature, in the area designated for patient signature, is that of an unidentified person signing as the "Representative" of the patient. **Exhibit A to Defendant's Motion**, p1. The blanks for the representative's "relationship to patient," the "reason the patient cannot sign," and the "representative's address" were all left blank. **Id.** As shown below, this alleged agreement is not enforceable.

## LEGAL ARGUMENT

In its motion, Defendant acknowledges that "[w]hether a nonsignatory can be bound by or compel arbitration is governed by state law." **Defendant's Motion**, p4 (citing *Arthur Andersen LLP v. Carlisle*, 556 U.S. 624, 630-31, 129 S. Ct. 1896 (2009)). Here, it is beyond dispute that Plaintiff, Norm Denardo, did not sign the Agreement containing the arbitration clause. Thus, this Court must look to Colorado state law to determine whether he can be bound by that clause.

In Colorado, the enforcement of arbitration agreements between patients and medical-service providers is governed by C.R.S. §13-64-403 and interpretive case law. The issue of whether non-signatories to an agreement for medical services can be bound by an arbitration clause contained in that agreement was addressed by the Supreme Court in *Moffett v Life Care Centers of America*, 219 P.3d 1068 (Colo. 2009). In *Moffett,* the Colorado Supreme Court held that, in drafting C.R.S. §13-64-403, "the General Assembly was sensitive to the danger of

patients entering into arbitration agreements unknowingly or involuntarily." *Id.* at 1074. Nonetheless, in *Moffett*, the Supreme Court found that a non-signatory can be bound by an arbitration agreement which is signed by a person having a power of attorney ("POA"). As grounds for this ruling, the Supreme Court noted that "[t]he execution of a POA creates a principal-agent relationship [and] confers express authority on an agent to perform certain acts or kinds of acts on the principal's behalf." *Moffett, supra*, 219 P.3d at 1074 (citing *In re Trust of Franzen*, 955 P.2d 1018, 1021 (Colo. 1998)).

Here, in contrast with *Moffett*, there is no evidence that the person who signed as Mr. Denardo's "representative" had a POA, or any other legitimate authority to sign on his behalf, other than being present in the room when the Apria representative appeared. Under these circumstances, this Court should find that the arbitration clause in question is not binding on Mr. Denardo, and should deny the Defendant's motion to compel arbitration.

Dated this 13th day of June, 2018.

                              THE VIORST LAW OFFICES, P.C.

                              [*Original signature on file at Viorst Law Offices, P.C.*]

                              *s/ Anthony Viorst*
                              Anthony Viorst, #18508
                              David Chambers #50270
                              Viorst Law Offices, PC
                              950 South Cherry Street, Suite 300
                              Denver, CO 80246
                              Telephone: (303) 759-3808
                              Facsimile: (303) 333-7127
                              E-mail: tony@hssspc.com
                              Attorney for Plaintiff

## CERTIFICATE OF SERVICE

I hereby certify that on this 13th day of June, 2018, served a true and correct copy of the above and foregoing **PLAINTIFF'S RESPONSE TO DEFENDANT'S PETITION TO COMPEL ARBITRATION PURSUANT TO 9 U.S.C. §4 AND STAY ALL PROCEEDINGS PENDING THE OUTCOME OF ARBITRATION** via email to the following:

David Gelman, Esq.
Andrew C. Nickel, Esq.
Hall & Evans, LLC
1001 Seventeenth Street, Suite 300
Denver, CO 80202

*[Original signature on file at Viorst Law Offices, P.C.]*

s/ *Michelle Spadavecchia*
Legal Assistant